KENNEDY, SCHWARTZ & CURE, P.C.
Attorneys for Plaintiff
113 University Place - 7th Floor
New York, New York 10003
(212) 358-1500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMES ANDERSON, as Trustee of the
LOCAL 966 HEALTH FUND and the
LOCAL 966 PENSION FUND,

                               Plaintiff,

      -against-

UNION CITY MIRROR AND TABLE,

                               Defendant.
----------------------------------------------------------x

**JUDGE CASEY**

**05 CV 5701**

05 Civ.

**COMPLAINT**



RECEIVED JUN 2 0 2005 U.S.D.C. S.D.N.Y. CASHIERS

        Plaintiff, by his attorneys, Kennedy, Schwartz & Cure, P.C., complaining of defendant, respectfully alleges as follows:

### NATURE OF ACTION

        1.    This is an action arising under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., to recover delinquent payments owed to a multi-employer health and pension fund.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction to hear these claims under Section 301 of the LMRA, 29 U.S.C. § 185; Sections 502(d)(1) and (e)(1) and (2), and 515 of ERISA, 29 U.S.C. §§ 1132(d)(1) and (e)(1) and (2), and 1145; and 28 U.S.C. §§ 1331. Venue in this District is proper because plaintiff resides in this District.

## PARTIES

3. Plaintiff James Anderson ("Anderson") is a Trustee of the Local 966 Health Fund ("Health Fund") and the Local 966 Pension Fund ("Pension Fund") (collectively "Funds"). The Health Fund is an "employee welfare benefit plan" under Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund is an "employee pension benefit plan" and a "multi-employer plan" under Section 3(2) and (37) of ERISA, 29 U.S.C. § 1002(2) and (37). The Funds are employee benefit trust funds under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Anderson is a "fiduciary" of the Funds under Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. Defendant Union City Mirror and Table, ("Union City" or "the Employer"), is an employer as defined by Section 2(2) of the NLRA, 29 U.S.C. § 152(2); Section 301(a) of the LMRA, 29 U.S.C. § 185(a); and Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Defendant's principal place of business is at 129 34th Street, Union City, New Jersey 07087.

## AS AND FOR A CAUSE OF ACTION

5. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 4 as if fully set forth herein.

6. Union City and Local 966, International Brotherhood of Teamsters, AFL-CIO, a labor organization as defined by Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), were at all material times hereto bound by a collective bargaining agreement (the "Contract"), which required Union City to remit monthly contributions to the Funds on behalf of each employee covered by the Contract. The Contract sets forth the rate of contribution Union City is obligated to make in each year of the agreement. The Funds' Delinquency Collection Guidelines and the Funds' Trust Agreements provide that in collection proceedings, the Funds shall be entitled to interest on late contributions accrued at the rate of 12 percent per annum, costs, and expenses, including attorneys' fees.

7. Union City failed to remit contributions due to the Funds in a timely manner for February 2004 through April 2005 in violation of Section 301 of the LMRA and Section 515 of ERISA, 29 U.S.C. § 1145. Union City owes the Health Fund a total of $508.66 in interest, and owes the Pension Fund $90.78 in interest.

WHEREFORE, plaintiff demands judgment:

1. Awarding plaintiff the payments owed to the Funds;

2. Awarding plaintiff further interest on the unpaid amounts at the rate as determined pursuant to 29 U.S.C. § 1132(g)(2)(B);

3. Awarding plaintiff the greater of the interest as set forth above and

liquidated damages in the amount of 20 percent of the unpaid amounts pursuant to 29 U.S.C. § 1132(g)(2)(C)(i) and (ii);

4.  Awarding plaintiff reasonable attorneys' fees and the costs of this action to be paid by the defendant pursuant to 29 U.S.C. § 1132(g)(2)(D); and

5.  Granting such other and further relief as the Court deems proper.


Dated: New York, New York
       June 16, 2005

> KENNEDY, SCHWARTZ & CURE, P.C.
> Attorneys for Plaintiff
>
> By: _____
>     Stuart Lichten (SL-1258)
> 113 University Place, 7th Floor
> New York, New York 10003
> (212) 358-1500